COPY

| | |
|---|---|
| 1  John N. Zarian (SBN 145080)<br>2  Brook B. Bond (SBN 144815)<br>   ZARIAN MIDGLEY & JOHNSON PLLC<br>3  960 Broadway Ave., Ste. 250<br>   Boise, Idaho 83706<br>4  Telephone: (208) 562-4900<br>   Facsimile: (208) 562-4901<br>5  E-Mail: zarian@zarianmidgley.com<br>       bond@zarianmidgley.com | FILED<br>10 SEP 30 PM 4:15<br>CLERK U.S. DISTRICT COURT<br>CENTRAL DIST. OF CALIF.<br>LOS ANGELES<br>BY:_____ |

Attorneys for Plaintiff BRUCE MCCANDLESS II

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE McCANDLESS II, an individual;<br><br>      Plaintiff,<br><br>vs.<br><br>SONY MUSIC ENTERTAINMENT, a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; GETTY IMAGES, INC., a Delaware corporation; GETTY IMAGES (US), INC., a New York corporation; GETTY IMAGES (SEATTLE), INC., a Washington corporation; GETTY IMAGES (PHOTOGRAPHERS), INC., a California corporation; GETTY IMAGES/CHICAGO, INC., a Delaware corporation; SONY MUSIC ENTERTAINMENT UK LTD., a United Kingdom company; FLOURIAN CLOUD DE BOUNEVIALLE O'MALLEY ARMSTRONG a/k/a DIDO, an individual; and DOES 1 through 5, inclusive;<br><br>      Defendants. | Case No. **CV10 7323-RGK (SSx)**<br><br>**COMPLAINT FOR:**<br><br>1. **STATUTORY RIGHT OF PUBLICITY** [CAL. CIV. CODE § 3344]<br><br>2. **COMMON LAW RIGHT OF PUBLICITY**<br><br>3. **UNFAIR BUSINESS PRACTICES** [CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.*]<br><br>4. **UNJUST ENRICHMENT**<br><br>5. **BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

As and for his Complaint in this action, plaintiff BRUCE McCANDLESS II, an individual, by and through his undersigned counsel, alleges as follows:

## INTRODUCTION

1. The defendants (collectively "Defendants") in the instant action have misappropriated the name, likeness, image and/or identity of plaintiff BRUCE McCANDLESS II and have used, and are still using, the foregoing for commercial gain – without his consent – in connection with albums titled "Safe Trip Home" by a musical artist known as "Dido." The named defendants have refused to refrain from doing so and, further, have refused to compensate the plaintiff for their unauthorized uses. As a result, plaintiff has been forced to file the instant action to protect his rights.

## PARTIES

2. Plaintiff, Captain BRUCE MCCANDLESS II (hereinafter "Plaintiff" or "McCANDLESS"), is a resident of the State of Colorado and a former NASA astronaut who is retired from the United States Navy. Plaintiff resides in Conifer, Colorado.

3. Plaintiff is informed and believes and, on that basis, alleges that defendant SONY MUSIC ENTERTAINMENT ("SONY MUSIC") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 550 Madison Avenue, New York, NY 10022, and another place of business at 9830 Wilshire Boulevard, Beverly Hills, CA 90212. SONY MUSIC does business in Los Angeles County, California. On information and belief, SONY MUSIC is the successor in interest of SONY BMG MUSIC ENTERTAINMENT (hereinafter "SONY BMG"), which was a joint venture between Sony Corporation of America and Bertelsmann AG from about March 2004 until about October 2008.

4. Plaintiff is informed and believes and, on that basis, alleges that defendant ARISTA RECORDS LLC ("ARISTA") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of New York.

5. Plaintiff is informed and believes and, on that basis, alleges that defendant GETTY IMAGES, INC. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 601 N.34th Street, Seattle, WA 98103, and another place of business at 6300 Wilshire Blvd, 16th Floor, Los Angeles, CA 90048, such that GETTY IMAGES, INC. does business in Los Angeles County, California.

6. Plaintiff is informed and believes and, on that basis, alleges that defendant GETTY IMAGES (US), INC. is a corporation organized under the laws of the State of New York, with its principal place of business at 601 N.34th Street, Seattle, WA 98103, another place of business at 6300 Wilshire Blvd, 16th Floor, Los Angeles, CA 90048, such that GETTY IMAGES (US), INC. does business in Los Angeles County, California, and a registered agent for service of process, C T Corporation System, at 818 W. 7th Street, Los Angeles, CA 90017.

7. Plaintiff is informed and believes and, on that basis, alleges that defendant GETTY IMAGES (SEATTLE), INC. is a corporation organized under the laws of the State of Washington, with its principal place of business at 601 N.34th Street, Seattle, WA 98103.

8. Plaintiff is informed and believes and, on that basis, alleges that defendant GETTY IMAGES (PHOTOGRAPHERS), INC. is a corporation organized under the laws of the State of California, with its principal place of business at 6300 Wilshire Blvd, 16th Floor, Los Angeles, CA 90048, such that GETTY IMAGES (PHOTOGRAPHERS), INC. does business in Los Angeles County, California, and a registered agent for service of process, C T Corporation System, at 818 W. 7th Street, Los Angeles, CA 90017.

9. Plaintiff is informed and believes and, on that basis, alleges that defendant GETTY IMAGES/CHICAGO, INC. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 122 South Michigan Avenue, Suite 900, Chicago, IL 60603.

10. Defendants GETTY IMAGES, INC., GETTY IMAGES (US), INC., GETTY IMAGES (SEATTLE), INC., GETTY IMAGES (PHOTOGRAPHERS), INC. and GETTY IMAGES/CHICAGO, INC. are hereinafter referred to collectively as the "GETTY DEFENDANTS."

11. Plaintiff is informed and believes and, on that basis, alleges that defendant SONY MUSIC ENTERTAINMENT UK LTD. ("SONY MUSIC UK") is a company organized under the laws of the United Kingdom and registered in England and Wales under number 01471066, with its principal place of business located at 3rd Floor, 9 Derry Street, London, W8 5HY, United Kingdom. Defendants SONY MUSIC and SONY MUSIC UK are hereinafter referred to collectively as the "SONY DEFENDANTS."

12. Plaintiff is informed and believes and, on that basis, alleges that Defendant FLOURIAN CLOUD DE BOUNEVIALLE O'MALLEY ARMSTRONG a/k/a DIDO (hereinafter "DIDO") is an individual who is a subject of the United Kingdom, and who may be served via Nettwerk Management, 109b Regent's Park Road, London, NW1 8UR, United Kingdom, and/or Ormadel Management, Clearwater Yard, 35 Inverness Street, London, NW1 7HB, United Kingdom.

13. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants named in this action as DOES 1 through 5 are unknown to Plaintiff. Such defendants are thus sued herein using their fictitious names, DOES 1 through 5. Plaintiff will seek leave to amend this complaint to add such persons and entities as defendants in this action, and to allege their capacities and the exact nature of their wrongful conduct, when such information has been ascertained. Plaintiff is informed and believes and, on that basis, alleges that each of the fictitiously named defendants is responsible in some manner for the acts and occurrences herein alleged, and that Plaintiff's damages as herein alleged have been proximately caused by the conduct of said defendants, and each of them.

14. Plaintiff is informed and believes and, on that basis, alleges that at all times herein mentioned, in committing the acts and omissions alleged in this Complaint, each of defendants named in this action (collectively, "Defendants"):

    a. acted as an agent, servant or master with respect to the other defendants;

    b. acted within the scope of their authority as such;

    c. acted in concert with the other defendants with a design, and for the purpose, of injuring Plaintiff and unlawfully benefitting some or all of Defendants or, in the alternative;

    d. approved and ratified the acts and omissions of the other defendants.

## JURISDICTION AND VENUE

15. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds 75,000 dollars and the Plaintiff and Defendants include citizens of different States, as well as one or more citizens or subjects of a foreign state.

16. This Court has personal jurisdiction over Plaintiff, because McCANDLESS submits to the Court's jurisdiction for purposes of this action.

17. Although the true identity of each and every defendant is not known to Plaintiff at this time, on information and belief, a substantial part of the conduct complained of herein occurred in this judicial district. On information and belief, Defendants used, without permission, the name, likeness, image and/or identity of Plaintiff for purposes of advertising, selling and soliciting purchases of products, merchandise and/or goods in every jurisdiction in the United States, including this judicial district. As noted above, the SONY DEFENDANTS and the GETTY DEFENDANTS maintain a place of business in this judicial district.

18. On information and belief, this Court has personal jurisdiction over all Defendants.

19. On information and belief, this Court has general personal jurisdiction over the SONY DEFENDANTS, ARISTA RECORDS LLC, and the GETTY

DEFENDANTS, due to their extensive, systematic and continuous dealings in the State of California.

20. On information and belief, this Court has specific personal jurisdiction over all Defendants due to their business contacts with, and their purposeful availment of the resources of, the State of California, which have a substantial connection to the conduct complained of herein. On information and belief, Defendants have transacted and/or transact business in this judicial district and many of their actions giving rise to the present complaint took place in this judicial district.

21. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because, on information and belief, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

22. Venue would also be proper in this judicial district pursuant to 28 U.S.C. § 1391(a), to the extent there is no other district in which Plaintiff's action may be brought, because Defendants are subject to personal jurisdiction in this judicial district.

## GENERAL ALLEGATIONS

23. Plaintiff, Captain BRUCE MCCANDLESS II, is a former naval aviator with the United States Navy and a former NASA astronaut.

24. McCANDLESS was selected by NASA to be an astronaut in April 1966. Thereafter, he served as CAPCOM during the Apollo 11 mission when Neil Armstrong first set his foot on the moon, as a member of the astronaut support crew for the Apollo 14 mission, and as a backup pilot for the first manned Skylab mission (SL-1/SL-2).

25. McCANDLESS also logged over 312 hours in space while flying as a mission specialist on two missions, STS 41-B and STS-31. During the first of his two space shuttle missions, he became the first person to accomplish un-tethered free flight using the Manned Maneuvering Unit, a nitrogen jet propelled backpack.

26. Specifically, on February 7, 1984, while flying as a crew member of the Space Shuttle Mission STS 41-B, McCANDLESS used the Manned Maneuvering Unit to perform a series of test maneuvers inside and above the shuttle Challenger's payload

bay, then went "free-flying" to a distance of approximately 320 feet away from the shuttle. This distance was farther away from the confines and safety of his ship than any previous astronaut had ever been.

27. Robert L. Gibson, Mission (Co-)Pilot, took photographs of McCANDLESS during his flight – several of which have become iconic with respect to the history of human spaceflight. McCANDLESS' February 7, 1984, flight remains the only occasion on which the Manned Maneuvering Unit has been flown to such a significant distance from a shuttle and allowed such photographs to be taken.

28. One such photograph of McCANDLESS is featured by NASA's "GRIN" (Great Images In NASA) website, available on the World Wide Web at http://grin.hq.nasa.gov/ABSTRACTS/GPN-2000-001087.html, and is titled EVAtion – referred to hereinafter as the "EVAtion Photograph" ("EVA" is an abbreviation for Extravehicular Activity). The NASA webpage describes the EVAtion Photograph as a "stunning orbital panorama view" that "shows McCandless out there amongst the black and blue of Earth and space."

29. The EVAtion Photograph includes the images of McCANDLESS, and McCANDLESS is further identified in part by distinctive red stripes on his pressure suit, as well as a mission patch on the chest of his life support system. NASA used such markings to visually distinguish McCANDLESS from other crew members.

30. In the EVAtion Photograph, McCANDLESS is further identified by and pictured with a distinctive over-the-shoulder Nikon camera, which has not been used on any other shuttle missions.

31. News media from the period following Mission STS 41-B published the photographs of McCANDLESS' space flight and identified the astronaut as McCANDLESS. Among other publications, they were featured on the cover of the magazine Aviation Week & Space Technology.

32. LIFE.com also features the EVAtion Photograph as one of the "21 Greatest-Ever Space Photos," and identifies McCANDLESS as the astronaut pictured

(available on the World Wide Web at http://www.life.com/image/3240511/in-gallery/30222/21-greatest-ever-space-photos).

33. Throughout his life, McCANDLESS has invested substantial time, energy and expense in developing his professional skills as a pilot, engineer and astronaut, among other things, and as a result thereof, he has achieved considerable professional success and notoriety by virtue of his important achievements in these fields.

34. By reason of his special background, experiences and skills, McCANDLESS' name, image, likeness and identity (collectively "persona") have become valuable assets, symbolizing McCANDLESS and his good will. McCANDLESS' interest in his good will represents a valuable commercial asset, and asset which he alone has the right to license and exploit.

35. Several companies have sought McCANDLESS' endorsement of commercial products. On several occasions, McCANDLESS has endorsed such commercial products, pursuant to license agreements that grant limited rights for such companies to use his persona in advertising layouts in return for appropriate compensation. McCANDLESS has also sought to protect and enforce his rights by opposing commercial use of his persona without his consent and by requiring offending parties to compensate him for such unauthorized use.

36. Recognizing the tremendous value of McCANDLESS' persona, Defendants have sought to link their business and products to him and thereby reap the benefits, for themselves, of the public's good will toward McCANDLESS.

37. Defendants – including the SONY DEFENDANTS through a predecessor-in-interest SONY BMG – acquired one or more images of McCANDLESS and also manufactured, distributed and/or sold, and continue to manufacture, distribute and/or sell, reproductions of such image(s) throughout the world. Defendants have received consideration in return for the foregoing conduct, yet have failed to account for or pay any amounts to McCANDLESS.

38. Specifically, the GETTY DEFENDANTS have used the persona of McCANDLESS, including his image in the EVAtion Photograph, by acquiring the EVAtion Photograph and then offering and selling purported licenses to others, related to the EVAtion Photograph, in return for compensation. The GETTY DEFENDANTS have made one or more purported licenses to the EVAtion Photograph available for purchase through their website, www.GettyImages.com, and have sold and distributed one or more copies of the EVAtion Photograph through their website.

39. Defendants are also using the persona of McCANDLESS, including his name and his image in the EVAtion Photograph, prominently and extensively on the cover of and/or in promotional and commercial material (including in print and on websites) related to an album titled "Safe Trip Home" (hereinafter the "Album"), by the musical artist commonly known as DIDO (a.k.a., Florian Cloud de Bounevialle O'Malley Armstrong).

40. There are several versions and releases of the Album, one or more of which include the following statement: "cover image: us astronaut bruce mc candless demonstrating the first space suit to give complete, untethered, freedom of movement outside a spacecraft in february [sic] 1984".

41. The website www.Wikipedia.org (available on the World Wide Web at http://en.wikipedia.org/wiki/Safe_Trip_Home) states that the Album cover "features a photograph of astronaut Bruce McCandless II during a spacewalk, as part of space shuttle mission STS 41-B," and also that the Album was the 44th best-selling album worldwide for 2008.

42. One or more of the Defendants, specifically including the SONY DEFENDANTS, have used and continue to use the persona of McCANDLESS in connection with the Album on websites available on the World Wide Web, including without limitation on pages available at and through the website homepages http://www.didomusic.com/xx/home/, http://www.didomusic.com/gb/home/, and http://www.didomusic.com/us/home/, such as, for example,

http://www.didomusic.com/us/biography/. Such web pages are available for viewing by the public throughout the United States, including in the State of California and this judicial district.

43. On information and belief, DIDO travelled to Los Angeles, California, and spent several weeks there writing songs for the Album and working with Jon Brion, a resident of Los Angeles and producer of the Album.

44. On information and belief, DIDO subsequently moved to Los Angeles, California, and worked on the Album, including recording vocals for the Album, while living there. On information and belief, while living in California, DIDO took music courses at the University of California, Los Angeles, to acquire knowledge and/or skills which she used in connection with the Album.

45. None of Defendants has received authorization from McCANDLESS to use his name, image, likeness or identity for any commercial purpose.

46. At least as early as June 2009, the SONY DEFENDANTS had actual notice that their use of McCANDLESS' persona was not authorized. At least as early as December 2009, the GETTY DEFENDANTS also had actual notice of the unauthorized use of McCANDLESS' persona.

47. On information and belief, the SONY DEFENDANTS and the GETTY DEFENDANTS willfully continued their use of McCANDLESS' persona after receiving actual notice that they were not authorized to do so.

48. Plaintiff is informed and believes, and on that basis alleges, that Defendants' use of McCANDLESS' persona is intended to create, and does create, the misleading and false impression among consumers that McCANDLESS has provided a license related to the GETTY DEFENDANTS' use of the EVAtion Photograph, and a license to or endorsement of the Album. Defendants continue to exploit, through the use of McCANDLESS' name, image, likeness and identity, the personal characteristics and qualities of McCANDLESS for the purpose of associating their products with McCANDLESS in the minds of their consumers and the general public.

49. By misappropriating McCANDLESS' persona, Defendants have deprived McCANDLESS of his fundamental right to control how he is depicted in connection with the sale of commercial goods and services, and to benefit from such activity.

## FIRST CLAIM FOR RELIEF
## (STATUTORY RIGHT OF PUBLICITY – CAL. CIV. CODE § 3344)

50. Plaintiff incorporates herein by this reference as though fully set forth each and every allegation contained in paragraphs 1 through 49 of this Complaint.

51. At least as early as approximately November, 2008, and continuing to this date, Defendants, without McCANDLESS' consent, invaded his rights of privacy and publicity by appropriating his name, image, likeness and identity and using them for commercial purposes, including in connection with sales of the Album and the website of the GETTY DEFENDANTS.

52. On information and belief, Defendants have knowingly used, and continue to use, the name, image, likeness and identity of Plaintiff in connection with products, merchandise and/or goods, including in connection the Album by the musical artist known as DIDO. In particular, but without limitation, Defendants have used McCANDLESS' name and his EVAtion Photograph in covers, brochures, posters and/or other commercial, promotional and bonus materials in connection with the DIDO Album.

53. Defendants have made the foregoing uses of McCANDLESS' persona and photograph likeness for purposes of advertising, selling and soliciting purchases of such products, merchandise and/or goods. Defendants invaded McCANDLESS' rights in order to attract attention and patronage from consumers and for the purpose of converting potential economic value in McCANDLESS' name, image, likeness and identity to Defendants' commercial advantage.

54. Plaintiff is informed and believes and, on that basis, alleges that Defendants achieved and continue to achieve the foregoing purposes, and have received

profits from the foregoing unauthorized uses, which profits are attributable to such uses of McCANDLESS' persona and photograph.

55. Defendants' foregoing uses of McCANDLESS' persona and photograph have been without Plaintiff's prior consent. Defendants embarked on such course of conduct knowing that such appropriation and use was unauthorized and unlicensed by, and without the prior consent of, McCANDLESS.

56. At least as early as June 2009, Plaintiff has requested that one or more of the Defendants cease and desist their unauthorized use of his persona and photograph, and/or that they compensate him for such use in the context of a license agreement. To date, such Defendants have declined to do so.

57. McCANDLESS has been injured as a result of Defendants' unauthorized uses of his persona and photograph, and has been damaged and deprived of monetary sums in an amount to be determined at trial.

58. Plaintiff is informed and believes and, on that basis, alleges that unless restrained by this Court, Defendants will continue to infringe McCANDLESS' right of publicity, thus causing confusion and deception in the marketplace and potentially engendering a multiplicity of judicial proceedings. Unless permanently restrained by this Court, irreparable harm is likely to occur to Plaintiff, such that pecuniary compensation may not afford Plaintiff adequate relief for the damage to his rights and good will.

## SECOND CLAIM FOR RELIEF
### (COMMON LAW RIGHT OF PUBLICITY)

59. Plaintiff incorporates herein by this reference as though fully set forth each and every allegation contained in paragraphs 1 through 58 of this Complaint.

60. At least as early as approximately November, 2008, and continuing to this date, Defendants, without McCANDLESS' consent, invaded his rights of privacy and publicity by appropriating his name, likeness, image and identity, including in connection with the Album and the website of the GETTY DEFENDANTS.

61. The appropriation was unauthorized and without Plaintiff's consent.

62. The appropriation was for Defendants' advantage, commercial and otherwise, in that it implied an association between McCANDLESS and Defendants and their products and services.

63. The appropriation usurped McCANDLESS' ability to control his public image and diluted his ability to effectively market such image, all to the detriment of McCANDLESS' reputation and good will.

64. Plaintiff is informed and believes, and on that basis, alleges that as a proximate result of the advantage accruing to Defendants from said appropriation, Plaintiff has been and/or will be deprived of monetary sums in an amount to be determined at trial.

65. Plaintiff is informed and believes and, on that basis, alleges that unless restrained by this Court, Defendants will continue to infringe McCANDLESS' right of publicity, thus causing confusion and deception in the marketplace and potentially engendering a multiplicity of judicial proceedings. Unless permanently restrained by this Court, irreparable harm is likely to occur to Plaintiff, such that pecuniary compensation may not afford Plaintiff adequate relief for the damage to his rights and good will.

## THIRD CLAIM FOR RELIEF
### (UNFAIR BUSINESS PRACTICES –
### CAL. BUS. & PROF. CODE §§ 17200 *et seq.*)

66. Plaintiff incorporates herein by this reference as though fully set forth each and every allegation contained in paragraphs 1 through 65 of this Complaint.

67. Defendants' use of McCANDLESS' name, likeness, image and identity in connection with the Album and the website of the GETTY DEFENDANTS is unfair, illegal and fraudulent, in that it creates a likelihood that Defendants' customers, potential customers, and the public generally will be confused or misled as to the source, and the existence of any endorsement by McCANDLESS, of Defendants'

products or services. Such persons are likely to believe that McCANDLESS' business and good will are affiliated with that of Defendants and their products and services, all to the injury of Plaintiff and the unjust enrichment of Defendants.

68. Defendants' continuing course of conduct in incorporating the name, likeness, image and identity of McCANDLESS constitutes unfair business practices within the meaning of California Business and Professions Code §§ 17200 et seq. These unfair business practices likely have and will cause irreparable injury to Plaintiff.

69. Plaintiff is informed and believes and, on that basis, alleges that unless restrained by this Court, Defendants will continue to infringe McCANDLESS' right of publicity, thus causing confusion and deception in the marketplace and potentially engendering a multiplicity of judicial proceedings. Unless permanently restrained by this Court, irreparable harm is likely to occur to Plaintiff, such that pecuniary compensation may not afford Plaintiff adequate relief for the damage to his rights and good will.

## FOURTH CLAIM FOR RELIEF
## (UNJUST ENRICHMENT)

70. Plaintiff incorporates herein by this reference as though fully set forth each and every allegation contained in paragraphs 1 through 69 of this Complaint.

71. By virtue of Defendants' unlawful misappropriation of Plaintiff's name, likeness, image and identity, Defendants have been unjustly enriched to the detriment of Plaintiff.

## FIFTH CLAIM FOR RELIEF
## (BREACH OF CONTRACT BY
## SONY DEFENDANTS AND GETTY DEFENDANTS)

72. Plaintiff incorporates herein by this reference as though fully set forth each and every allegation contained in paragraphs 1 through 71 of this Complaint.

73. In the alternative, Plaintiff is informed and believes and, on that basis, alleges that the SONY DEFENDANTS and the GETTY DEFENDANTS entered into a

written contract with Plaintiff on September 3, 2010, as memorialized by e-mail correspondence on that date (hereinafter the "Contract").

74. Among other things, pursuant to the Contract, the GETTY DEFENDANTS agreed to pay Plaintiff the sum of Thirty-Two Thousand Five-Hundred dollars ($32,500 U.S.D.) within ten (10) business days of September 3, 2010.

75. Among other things, pursuant to the Contract, the SONY DEFENDANTS and the GETTY DEFENDANTS agreed to cooperate fully, to execute any supplementary documents, and to take any and all actions that may be necessary or appropriate to give full force and effect to the terms and intent of the Contract.

76. Plaintiff has duly performed any and all obligations, and/or conditions precedent to the obligations of the SONY DEFENDANTS and the GETTY DEFENDANTS, pursuant to the Contract.

77. Plaintiff is informed and believes and, on that basis, alleges that the SONY DEFENDANTS and GETTY DEFENDANTS breached their obligations pursuant to the Contract, including without limitation by the GETTY DEFENDANTS failing to pay Plaintiff the sum of Thirty-Two Thousand Five-Hundred dollars ($32,500 U.S.D.) within ten (10) business days of September 3, 2010, and by the SONY DEFENDANTS and GETTY DEFENDANTS refusing to cooperate fully to execute supplementary documents to give full force and effect to the terms and intent of the Contract.

78. Plaintiff has been damaged by the SONY DEFENDANTS' and GETTY DEFENDANTS' breach of the Contract, including in the sum of Thirty-Two Thousand Five-Hundred dollars ($32,500 U.S.D.), together with interest beginning on the tenth business day following September 3, 2010.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Captain BRUCE MCCANDLESS II, prays for judgment against Defendants, and each of them, as follows:

1. For injunctive and other appropriate equitable relief, including enjoining Defendants from exploiting Plaintiff's name, likeness, image and identity, including the

14

COMPLAINT

EVAtion Photograph, by using the foregoing in connection with the Album, or otherwise;

     2.     For Plaintiff's compensatory and/or statutory damages, according to proof;

     3.     For an award of punitive damages against Defendants;

     4.     For an award of the attorney's fees and costs of suit herein; and,

     5.     For such other and further relief as this Court may deem just and proper, and which may otherwise be provided for by statute or law.

     DATED this 30th day of September, 2010.

                         **ZARIAN MIDGLEY & JOHNSON PLLC**

                         By _____
                             Brook B. Bond (SBN 144815)
                             960 Broadway Ave., Ste. 250
                             Boise, Idaho 83706
                             Telephone: (208) 562-4900
                             Facsimile: (208) 562-4901
                             E-mail: bond@zmjlaw.com

                             Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED this 30th day of September, 2010.

        ZARIAN MIDGLEY & JOHNSON PLLC

By _____
Brook B. Bond (SBN 144815)
960 Broadway Ave., Ste. 250
Boise, Idaho 83706
Telephone: (208) 562-4900
Facsimile: (208) 562-4901
E-mail: bond@zmjlaw.com

Counsel for Plaintiff